UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| VISAR KRASNIQI,<br><br>  Plaintiff,<br><br>vs.<br><br>HOLDAHL, INC.,<br><br>  Defendant. | 4:20-CV-04090-KES<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 56(d) |

Plaintiff, Visar Krasniqi, filed a complaint in South Dakota Circuit Court alleging claims of negligence and premises liability against defendant, Holdahl, Inc. Docket 1-1. Holdahl removed this action to the United States District Court for the District of South Dakota under 28 U.S.C. § 1332(a). Docket 1. Holdahl moves under Federal Rule of Civil Procedure 56 for summary judgment. Docket 11. Krasniqi opposes the motion and seeks relief under Rule 56(d). Docket 17. For the following reasons, the court denies Holdahl's motion for summary judgment and denies Krasniqi's motion for relief under Rule 56(d).

## BACKGROUND

The facts, viewed in the light most favorable to Krasniqi, the non-moving party, are as follows:

Krasniqi is a resident of Sioux Falls, South Dakota. Docket 1-1 ¶ 1; Docket 2 ¶ 2. Holdahl is a Minnesota corporation whose principal place of business is in Plymouth, Minnesota, and who maintains a business facility in

Sioux Falls, South Dakota. Docket 1-1 ¶ 2; Docket 2 ¶ 3. Krasniqi claims that he was injured while operating a dock plate at Holdahl's facility in Sioux Falls, South Dakota, on February 8, 2018. Docket 20 ¶ 1. At the time, Krasniqi was a truck driver for Old Dominion Freight Lines and was making a delivery to Holdahl's Sioux Falls facility. Docket 1-1 ¶¶ 5-6; Docket 2 ¶¶ 5-6.

The dock plate is operated by inserting a metal bar into a designated slot and then moving that bar backward and forward to extend the dock plate, thus bridging the gap between the loading dock and a trailer to facilitate cargo loading and unloading. Docket 20 ¶ 2. Krasniqi claims that the dock plate malfunctioned while he was using it, causing the dock plate's metal bar to strike his head. *Id.* ¶ 3. Krasniqi testified that he inserted the metal bar into the dock plate and pulled the bar backwards, but when he tried to push the bar forward to extend the dock plate, the plate was stuck and would not move. *Id.* ¶ 5. At that point, Krasniqi walked around the bar to see if anything was impeding the movement of the docket plate and, as he bent over, Krasniqi claims he was struck in the head. *Id.* ¶ 6.

Holdahl's expert avers that the dock plate was properly maintained, that it operated correctly on February 18, 2018, and that it continued to operate correctly after that date. *Id.* ¶ 20. Krasniqi's fact witnesses aver that the dock plate was unusually difficult to operate, it did not function as it should have, and that it malfunctioned when Krasniqi operated it on February 18, 2018. Docket 19-11 at 4; Docket 19-12 at 1, 4, 9; Docket 19-13 at 1.

2

Krasniqi alleges that Holdahl "owed a duty to exercise ordinary care . . . in maintaining a safe loading dock and a safe and functioning docket plate[.]" Docket 20 ¶ 7. Holdahl breached that duty, Krasniqi asserts, "by failing to maintain and/or repair the dock plate mechanism which injured [Krasniqi] when it malfunctioned." *Id.* ¶¶ 8-9. Krasniqi brings two causes of action against Holdahl: negligence and premises liability. Docket 1-1 at 4-6.

The court's scheduling order states, "[t]he identity of and report from retained experts . . . will be due from [Krasniqi] by January 1, 2021, and from [Holdahl] by March 15, 2021; any rebuttal experts will be disclosed by April 15, 2021." Docket 10 ¶ 6. Krasniqi served his expert disclosures on December 31, 2020. Docket 20 ¶ 11. Krasniqi identified several experts and provided reports from his retained expert. *Id.* ¶ 12. Holdahl asserts that "[n]one of the experts disclosed by [Krasniqi] were qualified to provide an opinion on the condition, operation, or maintenance of the dock plate." *Id.* ¶ 13. Krasniqi asserts that it timely and properly disclosed Dr. Pond to rebut Holdahl's expert opinion regarding the dock plate. *Id.* ¶ 22.

Holdahl disclosed its experts on March 15, 2021, and included David Hallman of Hallman Engineering, LLC. *Id.* ¶¶ 14-15. On March 19, 2021, Holdahl made its Sioux Falls facility available to Krasniqi for inspection. *Id.* ¶ 16. Krasniqi's counsel was present at the inspection and was accompanied by an individual identified as an expert, Dr. John Hansen. *Id.* ¶ 17. Hallman also attended the March 19, 2021 inspection. *Id.* ¶ 18. Holdahl served an amended expert disclosure on April 15, 2021, that included a report from Hallman. *Id.* ¶

3

19. Also on April 15, 2021, Krasniqi served a rebuttal expert disclosure identifying Dr. Brett Pond as an expert who would respond to Hallman's report. *Id.* ¶ 21. On April 20, 2021, Krasniqi requested that Holdahl make its facility available for a second inspection to allow Dr. Pond to prepare a report, and Holdahl objected to the second inspection six days later. *Id.* ¶¶ 23-24. Krasniqi disputes many of the findings in Hallman's report and argues that he was never given an opportunity to properly rebut Hallman's report using the opinions of Dr. Pond. *Id.* ¶ 20.

## DISCUSSION

### I.   Holdahl's Motion for Summary Judgment

Holdahl argues that Krasniqi is required to provide expert testimony to establish that the dock plate malfunctioned or was improperly maintained or repaired. *See* Docket 13 at 2. Holdahl asserts that Krasniqi did not properly disclose an expert or rebuttal expert to opine on the function of the dock plate. *Id.* at 4. Thus, Holdahl argues, it is entitled to summary judgment. *Id.* at 4-6. Krasniqi argues that he is not required to provide expert testimony on the function of the dock plate, but if expert testimony is required, his rebuttal expert was timely disclosed. *See* Docket 18 at 12-14.

#### A.   Legal Standard

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the

4

nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must inform the court of the basis for its motion and also identify the portions of the record that show there is no genuine issue in dispute. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citation omitted).

To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cnty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). Summary judgment is precluded if there is a genuine dispute of fact that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When considering a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

"It is . . . well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state." *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1255 (8th Cir. 1996). Here, South Dakota law governs substantive issues.

### B.     Whether Krasniqi's Claims Require Expert Testimony

The South Dakota Supreme Court has stated:

> Expert testimony is only required when the issues presented relate to matters so far removed from the realm of common experience or beyond the ken of the average layman that with all the facts before it, the jury, without the assistance of expert opinion, could not be expected to draw a correct inference.

*Thomas v. St. Mary's Roman Cath. Church*, 283 N.W.2d 254, 257 (S.D. 1979); *see also Luther v. City of Winner*, 674 N.W.2d 339, 344 (S.D. 2004) ("There is no requirement that a party produce expert testimony when the question is within a layperson's knowledge.") (citing *Bland v. Davison Cnty.*, 566 N.W.2d 452, 461 (S.D. 1997)). "Unless the issues are unusually complex, expert testimony is not required." *Mid-Western Elec., Inc. v. DeWild Grant Reckert & Assoc. Co.*, 500 N.W.2d 250, 255 (S.D. 1993) (citation omitted).

Whether expert testimony is required depends in part on the duty of care owed to the plaintiff. *See Luther*, 674 N.W.2d at 344. "[E]xpert testimony is ordinarily required to establish a claim of negligence in a products liability action" because "it is not within the common expertise of a jury to deduce merely from an accident and injury that a product was defectively designed." *Burley v. Kytec Innovative Sports Equip., Inc.*, 737 N.W.2d 397, 407 (S.D. 2007). Lawyers have a *professional* duty of care, thus "it is most often necessary to have an expert witness explain how [a] lawyer's actions f[a]ll below the standard of care." *Robinson-Podoll v. Harmelink, Fox & Ravnsborg Law Office*, 939 N.W.2d 32, 46 (S.D. 2020) (quoting *Zhi Gang Zhang v. Rasmus*, 932 N.W.2d 153, 162 (S.D. 2019)). Similarly, in medical malpractice cases, "[t]he

6

*general rule . . .* is that negligence must be established by the testimony of medical experts." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D. 1986) (emphasis added). But even in a medical malpractice case, there are exceptions to the general rule:

> [E]xpert evidence is not *exclusively* required to establish negligence. For example, if a physician operates on a patient's knee, testimony of lay witnesses could establish that the wrong knee was treated without indulging in speculation and conjecture or knowledge beyond a layperson's realm. The rule does not exclude the opinions and conclusions of lay witnesses on subjects which are within the common knowledge and comprehension of persons possessed of ordinary education, experience and opportunity.

*Id.* (citations omitted) (emphasis added).

Indeed, it is the facts of each case that determine whether expert testimony is required. *Flora v. Custer Reg'l Med. Ctr.*, 2008 WL 4724316, at *8 (D.S.D. Oct. 24, 2008); *Thomas*, 283 N.W.2d at 257; *see, e.g., Cooper v. Brownell*, 923 N.W.2d 821, 825 (S.D. 2019) (per curiam) (finding that expert testimony was not required on the issue of causation "under the[] circumstances" that plaintiff's "medical history [was] complicated by similar past injuries and treatment"); *Bland*, 566 N.W.2d at 462 (finding that "road maintenance," and specifically whether an icy road should have sand applied to it, is within a layperson's knowledge); *Thomas*, 283 N.W.2d at 257 ("[T]he jurors in this case did not require a special knowledge of the properties of glass or the safe design of gymnasiums.").

Holdahl relies on *Thomas* for the general rule that expert testimony is required when an issue is outside the knowledge of the average layperson.

Docket 13 at 3. In *Thomas*, plaintiff was injured when he crashed into and broke through a glass window six feet from a basketball court during a high school basketball game in defendant's gymnasium. 283 N.W.2d at 256. Plaintiff sued defendant for negligence, and a jury returned a verdict in favor of plaintiff. *Id.* at 255. On appeal, defendant argued that plaintiff did not prove a prima facie case of negligence because he did not provide expert testimony on "the use and availability of various types of glass" and "the design and construction of gymnasiums." *Id.* at 257. But the South Dakota Supreme Court reasoned that the use of different types of glass and the design of the gymnasium were not in issue. *See id.* at 258. The real issue was whether defendant breached the duty of reasonable care it owed as a landowner to plaintiff, a business invitee. *Id.* The Court concluded that expert testimony was not required because "the jury could reasonably conclude that [defendant] breached its duty to maintain its premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation extended to [plaintiff] and his teammates." *Id.*

Holdahl also relies on *Burley* and *Luther* and suggests that Krasniqi's case is akin to a product defect case. *See* Docket 13 at 3. In *Burley*, plaintiff brought claims for negligent defective design and manufacture, negligent failure to warn, and strict liability defective design against a product's manufacturer. *Burley*, 737 N.W.2d at 408, 410. Because the defendant was a manufacturer, not a landowner, and the causes of action are different than Krasniqi's—negligent failure to maintain or repair and premises liability—the court finds *Burley* inapposite.

8

In *Luther*, the South Dakota Supreme Court analyzed the different duties owed by two defendants affecting whether expert testimony was required. There, plaintiff sued Britton, an engineer, and the City of Winner for negligence after plaintiff missed a step and fell on the city's sidewalk. *Luther*, 674 N.W.2d at 342-43. Plaintiff brought two claims against Britton: negligent design of the step and failure to warn. *Id.* at 343. The South Dakota Supreme Court found that "the typical lay person would have no idea how to design and construct a sidewalk under the conditions on Winner's Main Street." *Id.* at 346. Thus, the Court concluded that plaintiff was required to provide expert testimony on the professional standard of care for an engineer regarding Britton's design and construction of the sidewalk. *Id.* But the Court also found that plaintiff was not required to provide expert testimony on its negligence claim against the city, because the city owed plaintiff the duty of a landowner—"a duty of ordinary care for the benefit of the invitee's safety"—not the professional duty of an engineer. *See id.* at 347 (citing *Mitchell v. Ankney*, 396 N.W.2d 312, 313 (S.D. 1986)). Similarly here, the issue is the duty arising from Holdahl's alleged negligence as a landowner towards an invitee.

Holdahl also relies on *Cooper* and states that it is "no different" than Krasniqi's case. Docket 22 at 14. In *Cooper*, plaintiff brought a claim for negligence against two defendants for injuries sustained during a car accident. *Cooper*, 923 N.W.2d at 822. Plaintiff had an extensive medical history and multiple prior injuries to his neck, head, back, feet, shoulder, and knees. *Id.* at 824. Many of the same body parts were allegedly injured in the car accident. *Id.*

9

The trial court granted defendants' motion for summary judgment because plaintiff did not provide expert testimony to establish that the car accident caused new or additional injury. *Id.* at 822. Plaintiff appealed. *Id.*

The South Dakota Supreme Court affirmed the trial court. *Id.* The Court stated that "proximate cause cannot be 'based on mere speculative possibilities or circumstances and conditions remotely connected to the events leading up to an injury." *Id.* at 824 (quoting *Martino v. Park Jefferson Racing Ass'n*, 315 N.W.2d 309, 314 (S.D. 1982)). Without an expert, the most plaintiff could demonstrate was that "he may have been injured during the accident and that he received medical care following the accident." *Id.* at 825. In light of plaintiff's prior and alleged new injuries, the Court found that allowing plaintiff to proceed without an expert "would effectively allow the jury to speculate on an unguided determination of causation without the benefit of medical expert advice." *Id.*

Holdahl's reliance on *Cooper* is misplaced. Holdahl claims that "the dock plate at issue may have broken, but that broken dock plate was replaced with a brand new dock plate prior to [Krasniqi]'s injury." Docket 22 at 14. Holdahl suggests that, like the preexisting injuries of the plaintiff in *Cooper*, the issue of causation here requires expert testimony because the dock plate may have been broken and replaced before Krasniqi's alleged injury. *Id.* Holdahl simply concludes that Krasniqi must provide expert testimony without analyzing whether the maintenance, repair, or malfunction of a dock plate is within the

10

knowledge of the average layperson. *See id.* The court finds Holdahls' analogy of a broken or replaced dock plate to person's medical history mistaken.

Krasniqi does not claim that the dock plate was defectively designed or manufactured, and he does not bring suit against the dock plate's manufacturer. *See Burley*, 737 N.W.2d at 408, 410. Krasniqi's claim of negligence is against Holdahl who, like the city in *Luther* and the gymnasium owner in *Thomas*, is a landowner who owes invitees a duty of ordinary care. The court finds that a layperson, unaided by an expert, will be able to understand whether Holdahl exercised ordinary care in maintaining its premises in a reasonably safe condition, including the maintenance of its dock plate. Under these circumstances, the court finds that expert testimony is not required to establish the standard of care. Thus, Holdahl's motion for summary judgment is denied.

## II.   Relief Under Rule 56(d)

Federal Rule of Civil Procedure 56(d) states:

> If a nonmovant [for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d) "exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." *Toben v. Bridgestone Retail Operations*, LLC, 751 F.3d 888, 894 (8th Cir. 2014) (citations omitted). A district court has "wide discretion" in ruling on a Rule 56(d) motion. *Id.* at 895.

Krasniqi argues that it "timely identified a rebuttal witness" to opine on the dock plate, but that a dispute arose regarding the expert's site visit and Holdahl moved for summary judgment before the dispute could be resolved. Docket 18 at 6-7. Under the court's scheduling order, Krasniqi's expert disclosures were due by January 1, 2021, Holdahl's disclosures by March 15, 2021, and Krasniqi's rebuttal disclosures by April 15, 2021. Docket 10 ¶ 6. Krasniqi timely disclosed eight experts on December 31, 2020, but none of them were identified to provide an opinion on the condition of the dock plate. Docket 15-3; Docket 20 ¶ 13. The only expert that Krasniqi argues is qualified to opine on the dock plate's condition is Dr. Brett Pond, who was identified as a rebuttal expert on April 15, 2021. Docket 20 ¶ 13; Docket 19-9.

> The court's scheduling order states, in relevant part:
>
> Disputes with regard to discovery will be called immediately to the court's attention by the making of an appropriate motion and will not be relied upon by any party as a justification for not adhering to this pretrial schedule. [] Motions to compel discovery should be filed within 14 days after the subject matter of the motion arises.
>   . . .
> Each party's [expert] disclosure will identify each expert and state the subject matter on which the expert is expected to testify. The disclosure will be accompanied by a written report prepared and signed by the witness.
>   . . .
> The schedule herein may be modified by the court only upon formal motion and a showing of good cause.

Docket 10 ¶¶ 3, 4, 7, 10. Under these provisions, Krasniqi's argument that it properly disclosed Dr. Pond fails on three grounds. First, Krasniqi *identified* Dr. Pond as a rebuttal expert on April 15, 2021, but it did not properly *disclose* him because the disclosure was not accompanied by a written report. *See*

12

Docket 20 ¶ 13; Docket 19-9. Second, Krasniqi never moved to amend the court's scheduling order to allow more time for discovery or expert disclosure. Docket 20 ¶ 25. Third, Krasniqi failed to bring any discovery dispute regarding Dr. Pond to the court's attention. The discovery dispute—Holdahl's objection to a site visit for Dr. Pond—arose on April 26, 2021. Docket 20 ¶ 24. Krasniqi had 14 days, until May 10, 2021, to file a motion to compel discovery, but he failed to do so. *See* Docket 10 ¶ 4. Holdahl moved for summary judgment on May 14, 2021. Docket 11. Thus, Krasniqi's argument that Holdahl moved for summary judgement before Krasniqi could file an appropriate discovery motion is without merit. Because Krasniqi "cannot present facts essential to justify its opposition" to the motion for summary judgment, his motion for relief under Rule 56(d) is denied.

## CONCLUSION

Holdahl has not shown that it is entitled to summary judgment because Krasniqi is not required to provide expert testimony. Krasniqi is not entitled to relief because it did not adhere to the court's scheduling order, and Holdahl's motion for summary judgment was not premature. Thus it, is

ORDERED that Holdahl's motion for summary judgment (Docket 11) is denied, and Krasniqi's motion for relief under Rule 56(d) (Docket 17) is denied.

It is FURTHER ORDERED that this matter will promptly be scheduled for trial on a date agreeable to the parties and the court.

Dated March 2, 2022.

          BY THE COURT:

          /s/ *Karen E. Schreier*
          KAREN E. SCHREIER
          UNITED STATES DISTRICT JUDGE